DICKINSON TRUST COMPANY, EXECUTOR, ESTATE OF MARGARET DEAL, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 91324. Promulgated July 20, 1939.

*Wilfred Jessup, Esq.*, and *George S. Olive, C. P. A.*, for the petitioner.

*F. R. Shearer, Esq.*, for the respondent.

### OPINION.

SMITH: This is a proceeding for the redetermination of a deficiency in estate tax in the amount of $3,194.24. The respondent admits that by reason of proof of a payment of Indiana inheritance tax the correct deficiency is only $2,147.40.

The questions in issue are (1) whether the estate is entitled to deduct from the gross estate $18,000 which was paid by the petitioner to DePauw University in accordance with a contract executed by the decedent during her lifetime and (2) whether the estate is entitled to a deduction of $750 which was paid by the petitioner to Evansville College in satisfaction of a pledge made by the decedent during her lifetime.

The stipulated facts may be summarized as follows:

1. The petitioner is an Indiana corporation located at Richmond, Indiana, and is the executor of the estate of Margaret Deal, whose death occurred on August 16, 1935, the said appointment being still in full force and effect.

2. As executor of the estate of Margaret Deal the petitioner paid to DePauw University, Greencastle, Indiana, the amount of $18,000 and to Evansville College, Evansville, Indiana, the amount of $750.

3. The $18,000 above referred to was paid in accordance with the terms of a contract executed November 21, 1923, as follows:

LIBERTY, INDIANA
*November 21, 1923.*

In consideration of the agreement of DePauw University of Greencastle, Indiana, to establish and maintain in perpetuity, from and after the completion of the payments herein provided for, a Memorial Chair of Instruction, to be known as the John T. and Margaret Deal Chair of Mathematics of DePauw University, established in memory of Otis F. Deal, the undersigned John T. Deal and Margaret Deal hereby jointly agree to pay to said DePauw University the sum of fifty thousand dollars (each agreeing to pay one-half thereof), payable as follows:

Two thousand dollars (one thousand dollars by each of us) on or before January 1st, 1924, and a like amount the first of each January thereafter until the death of either of us, when the unpaid portion of the twenty-five thousand dollars for which the one so first dying is responsible shall be payable; and thereafter the survivor agrees on account of his or her obligation hereunder to pay one thousand dollars on January 1st of each year; and unpaid balance on account of the total obligation of the survivor to be due and payable at the death of such survivor; if any annual installment is not paid when due, the time for payment may on request be extended for one year, and such installment shall bear interest at six per cent during the period of such extension.

Such funds when fully paid shall be kept invested and separated from all other funds and maintained in perpetuity by DePauw University and only the income thereof shall be used to maintain such Chair of Mathematics.

[Signed]  JOHN T. DEAL
[Signed]  MARGARET DEAL

In consideration of the foregoing obligation of John T. and Margaret Deal, DePauw University agrees to receive and hold such funds and establish the Chair of Mathematics on the conditions therein set forth.

DEPAUW UNIVERSITY
By HUGH DOUGHERTY
*Chairman Board of Trustees.*

4. Payments under this agreement were made as follows:

| Date of Payment | Amount Paid | |
| --- | --- | --- |
| | John T. Deal | Margaret Deal |
| January 5, 1924 | $1,000.00 | $1,000.00 |
| "  " 1925 | 1,000.00 | 1,000.00 |
| "  6, 1926 | 1,000.00 | 1,000.00 |
| "  7, 1927 | 1,000.00 | 1,000.00 |
| "  12, 1928 | 1,000.00 | 1,000.00 |
| "  14, 1929 | | 1,000.00 |
| May 30, 1929 | 20,000.00 | Paid by estate of John T. Deal. |
| February 10, 1930 | | 1,000.00 |
| March 8, 1936 | | 18,000.00 |
| | | Paid by estate of Margaret Deal. |
| Totals | $25,000.00 | $25,000.00 |

5. The chair of mathematics provided for in the aforesaid contract was established by DePauw University in September 1929 and has since been maintained.

6. DePauw University is a corporation organized and operated exclusively for educational purposes, and no part of its earnings inures to the benefit of any private stockholder or individual.

7. In the estate tax return filed for the estate of Margaret Deal the petitioner deducted from the gross estate the $18,000 paid by it in fulfillment of the obligation of Margaret Deal under the contract of November 21, 1923. The deduction has been disallowed by the respondent in the determination of the deficiency.

8. On May 20, 1929, Margaret Deal executed a pledge to Evansville College, Evansville, Indiana, which reads as follows:

EVANSVILLE COLLEGE FORWARD MOVEMENT

MAY 20, 1929.

IN CONSIDERATION of my interest in Evansville College, a corporation, located in Evansville, Indiana, and for the purpose of liquidating indebtedness against the Said College, to increase The Endowment Fund, to supplement the current income for a period of three years, and for value received, I hereby pledge and promise to pay to Evansville College, a corporation,

the sum of FIFTEEN HUNDRED------------------Dollars ($1500.00),

payable in six equal semi-annual installments, covering a period of three years beginning Oct. 1st, 1929, and continuing each first day of April and first day of October thereafter until fully paid.

9. The pledge made by Margaret Deal to Evansville College was like other pledges or contributions made at or about the same time for the purpose of liquidating indebtedness, increasing endowments, and to supplement the current income.

10. Evansville College is an Indiana corporation organized and operated exclusively for educational purposes, no part of the net income of which inures to the benefit of any private stockholder or individual.

11. At the date of the decedent's death she still owed $750 on her pledge, which amount was duly paid by the petitioner and claimed as a deduction in the estate tax return. The deduction was disallowed by the respondent in the determination of the deficiency.

The petitioner claims that the payments of $18,000 and $750, in fulfillment of the pledges are legal deductions from the gross estate as claims against the estate.

Section 303 of the Revenue Act of 1926 reads in material part as follows:

SEC. 303. For the purpose of the tax the value of the net estate shall be determined—

(a) [As amended by section 403 (a) of the Revenue Act of 1934.] In the case of a citizen or resident of the United States by deducting from the value of the gross estate—

(1) [As amended by section 805 of the Revenue Act of 1932.] Such amounts—

*      *      *      *      *      *      *

(C) for claims against the estate,

*      *      *      *      *      *      *

as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered, but not including any income taxes upon income received after the death of the decedent, or property taxes not accrued before his death, or any estate, succession, legacy, or inheritance taxes. The deduction herein allowed in the case of claims against the estate, unpaid mortgages, or any indebtedness shall, when founded upon a promise or agreement, be limited to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth. * * *

The respondent contends that the pledges made by the decedent to DePauw University and Evansville College were not contracted "for an adequate and full consideration in money or money's worth", and, hence, are not legal deductions as claims against the estate.

The facts in this case relating to the payment of $18,000 to DePauw University show that the decedent and her husband desired to contribute $50,000 in installments to DePauw University for the purpose of founding a chair of instruction to be known as the "John T. and Margaret Deal Chair of Mathematics of DePauw University." The decedent and her husband were each to pay one-half of the amount.

The law is well established that it is not necessary that a consideration for the support of a pledge shall flow to the estate of the pledgor. See *Porter* v. *Commissioner*, 60 Fed. (2d) 673, 675; affd., 288 U. S. 436. It has also been held that a money pledge supported by similar pledges of others is deductible from the gross estate within the statute. See *Jeptha H. Wade, Jr., et al., Executors*, 21 B. T. A. 339; *Frances Plumer McIlhenny et al., Executors*, 22 B. T. A. 1093;

*David A. Reed et al., Executors,* 24 B. T. A. 166; *Robert A. Taft,* 33 B. T. A. 671. The Board's opinion upon this point in the last cited case was affirmed by the Circuit Court of Appeals for the Sixth Circuit in *Taft* v. *Commissioner,* 92 Fed. (2d) 667. In the course of its opinion the Circuit Court said:

\* \* \* In respect to pledges which were contingent upon sums being contributed by others equal to or in excess of the decedent's pledge the consideration is money, and in respect to other claims such as annuities in return for the transfer of the Cincinnati Conservatory of Music to the Institute of Arts and the work of scientific men in a research and publishing enterprise, the consideration is property or services. \* \* \*

In this proceeding the petitioner asks the Board to find that "the decedent was to pay $25,000 to the University in consideration of the payment of a like amount by John T. Deal." The Board can not make such finding upon the facts stipulated. There is nothing in the record which shows that the pledge made by Margaret Deal was in any wise contingent upon the pledge made by John T. Deal.

The consideration for the pledge of $50,000 stated in the agreement of November 21, 1923, was the undertaking on the part of the university to "establish and maintain in perpetuity a Memorial Chair of Instruction" to be known as above indicated. It would be a far stretch of the imagination to say that such a consideration was an "adequate and full consideration in money or money's worth."

In this respect the facts are similar to those which obtained in *Robert A. Taft, supra,* in connection with a pledge to pay $2,000,000 to the University of Cincinnati for the establishment of a memorial fund to be known as "Charles Phelps Taft Memorial Fund." We held that the pledge paid by the executor was not deductible from the gross estate. Our decision in that case was affirmed by the United States Circuit Court of Appeals for the Sixth Circuit, and also by the Supreme Court in *Taft* v. *Commissioner,* 304 U. S. 351.

The facts with respect to the payment of the $750 to Evansville College are that the decedent pledged the full amount of $1,500 to that college and died still owing $750 on her pledge, which amount was paid by her executor. The stipulated facts are that the executive secretary of the college would have testified if he had been called to testify in this proceeding "that the said gift of Margaret Deal was one of several like gifts or contributions made for the purpose of liquidating indebtedness, increasing Endowment Funds and to supplement the current income of Evansville College." The petitioner asks the Board to find that "the decedent agreed to pay the amount of $1,500 to the college in consideration of like pledges by others." The Board can not make that finding upon the stipulated facts. There is no evidence that the decedent made the pledge contingent upon

pledges being made by others. She simply agreed to make the payment. The fact that the pledge was enforceable by state law does not authorize the deduction.

Neither are the pledges that were paid by the petitioner deductible from the gross estate under section 303 (a) (3) of the Revenue Act of 1926, which provides for the deduction from the gross estate of bequests, legacies, devises, or transfers to or for the use of educational and charitable institutions. The payments made by the executors were not transfers of property by the decedent within the meaning of the taxing statute. See *Taft* v. *Commissioner*, 304 U. S. 351.

Reviewed by the Board.

*Decision will be entered for the respondent.*